OF THE

# SUPREME COURT OF APPEALS

OF

# WEST VIRGINIA

## CHARLESTON

SUTTON & Co. *v.* CHRISTIE.

Submitted February 20, 1906. Decided April 24, 1906.

1. FRAUDULENT CONVEYANCE—*Liabilities of Purchaser.*

   In order to charge land with the grantor's debts conveyed in fraud of creditors by him to a purchaser for valuable consideration, it is indispensable that it be shown that such purchaser had notice of his grantor's fraudulent intent. (p. 2.)

Appeal from Circuit Court, Mercer County.

Bill by R. M. Sutton & Co. and others against R. C. Christie and others. Decree for defendants, and complainants appeal.

*Affirmed.*

HALE & PENDLETON, ANDERSON & EASLEY, and C. W. SMITH, for appellants.

J. M. McGRATH, for appellees.

BRANNON, JUDGE :

R. M. Sutton & Co. and others filed a bill in equity in the circuit court of Mercer county against R. C. Christie and his wife, Lizzie P. Christie,. and M. W. Christie and his wife, Ozello R. Christie, to set aside, as being made with intent to defraud the plaintiffs as creditors of R. C. Christie, a deed

of real estate in the town of Princeton, made by R. C. Christie to a trustee for the benefit of his wife, and a deed for the same property made by R. C. Christie and wife . and her trustee to Ozello R. Christie. The bill of the plaintiffs was dismissed, and they appeal.

The property involved was conveyed by R. C. Christie to McNutt, trustee, for the benefit of Christie's wife. At that time Christie was not in debt. None of the debts attacking the deeds then existed; they were incurred by Christie afterwards. It is not shown that Christie was then in debt. He could, therefore, give his wife the property. She gives some evidence to show that she paid him valuable consideration; but it is not necessary to discuss that matter; for he had right to settle the property on her, he not being indebted. If he made the deed intending thereafter to become indebted and not pay, we might say this conveyance was fraudulent; but this is not proven, and this idea is repelled by the fact that he afterwards made and paid debts. But suppose the deed were tainted with fraud. That does not show that the property can now be subjected in the hands of Ozello Christie. She proves clearly that she paid $1,600 cash to Lizzie P. Christie for the property; that she had a large part of that sum in bank and put in a note for the balance, and borrowed it of the bank, and thus drew the money out of bank. It is incontestably proven that Ozello Christie paid a fair actual money consideration. She, therefore, cannot be affected, unless it could be proven that Lizzie P. Christie intended by conveyance to Ozello to defraud her husband's creditors, and that Ozello had notice of such intent. The letter of section 1, chapter 74, of the Code, making void transactions made with intent to defraud creditors, contains the provision that, "This section shall not affect the title of a purchaser for valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor." The evidence does not fix fraudulent intent on Ozello Christie. Even if we could say that R. C. Christie and wife intended fraudulently to get the property out of her hands by conveyance to Ozello Christie, you must go further and fix on Ozello Christie participation in that design, or knowledge on her part of her grantor's intent. The

evidence does not show this.    It is useless and improper to load judicial opinions and reports with mere detail of evidence. There is a large volume in this case.    There are two reasons barring a decree against the property.    First, I do not see that even if Lizzie P. Christie yet owned the property it could be subjected.    Second, but if that be not so, evidence fails to fix any notice of fraud on Ozello Christie.

It is suggested that there is error in not giving personal decrees against R. C. Christie for the debts.    The bill asks no such specific relief.    No request was made for such decree under the general prayer.    The bill being one only to affect the property, and failing for that, it is not usual to render such decree, and I do not think the omission is error, unless it was asked and refused.

We affirm the decree.

*Affirmed.*